## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **K.K-M., individually and as Kinship Legal Guardian of the minor children R.M. and A.W.,** ) ) ) ) | |
| ) | **Case No.** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **THE NEW JERSEY** ) | **Judge** |
| **DEPARTMENT OF** ) | |
| **EDUCATION, THE NEW** ) | **Magistrate** |
| **JERSEY OFFICE OF** ) | |
| **ADMINISTRATIVE LAW,** ) | |
| **DOMINIC ROTA, and** ) | |
| **GLOUCESTER CITY PUBLIC** ) | |
| **SCHOOLS,** ) | |
| ) | |
| **Defendants.** | |

## <u>VERIFIED COMPLAINT</u>

NOW COME Plaintiffs K.K-M.[1], individually and as Kinship Legal

Guardian of the minor children R.M. and A.W.[2] ("Petitioners"), by and through

counsel, and for their Verified Complaint against Defendants The New Jersey

Department of Education ("NJDOE"), The New Jersey Office of Administrative

---

[1] Plaintiff K.K-M is so identified pursuant to Fed.R.Civ.P. 5.2 and to protect the children Plaintiffs, for which she is the Kinship Legal Guardian, and because of a fear of retaliation by her employer.
[2] Plaintiffs R.M. and A.W. are so identified pursuant to Fed.R.Civ.P. 5.2(a)(3).

Law ("OAL"), Dominic Rota ("Rota"), and Gloucester City Public Schools ("GCPS") hereby state as follows:

INTRODUCTION

1.    This case arises out of a situation where two minor children having special education legal rights under various federal statutes are being removed and transferred by their school district because of the residence of their foster parent / kinship legal guardian.

2.    Since this matter invokes such federal special education laws, Plaintiffs filed their respective special education Requests for a Due Process Hearing and Requests for Emergent Relief with the New Jersey Department of Education Office of Special Education Programs as per the requirements under 20 U.S.C. §1415(f); N.J.A.C. §1:6A-4.1; and *Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 752-758 (2017); *see also Batchelor v. Rose Tree Media School Dist.*, 759 F. 3d 266 (3rd Cir. 2014).

3.    As part of those special education laws, Plaintiffs invoked their rights for 'stay put' under IDEA to remain in their existing location and their existing IEP pursuant to 20 U.S.C. §1415(j).  *See M.R. v. Ridley School Dist.*, 744 F. 3d 112, 117 (3rd Cir. 2014) *cert. denied*, No. 13-1547, 2015 WL 2340858 (S.Ct. May 18, 2015) ("This provision, known as the IDEA's 'stay-put rule,' serves 'in essence, as an automatic preliminary injunction.'")

4.     The New Jersey Department of Education Office of Special Education Programs rejected Plaintiffs Requests for a Due Process Hearing and Requests for Emergent Relief on the basis that it is not a special education dispute, but rather a dispute over residency requirements under New Jersey law.

5.     Despite advising Dominic Rota, the representative of the New Jersey Department of Education Office of Special Education Programs, that the Supremacy Clause of the U.S. Constitution causes the federal special education laws to trump the New Jersey state residency laws and that the continuing education of the Plaintiff minor children is of primary importance, Rota issued a Notice rejecting the Due Process complaints.

6.     Plaintiffs seek, *inter alia*, to enjoin Defendants The New Jersey Department of Education and The New Jersey Office of Administrative Law from violating Plaintiffs' Constitutional and federal statutory rights by dismissing the Due Process complaints as that is the proper forum for this dispute by application of the Supremacy Clause, federal special education laws, exhaustion of administrative remedies requirement, and appellate jurisdiction of the federal court system.

7.     In addition, Plaintiffs seek to enjoin all Defendants from removing the minor Plaintiff children from their present school until the dispute is resolved by this Court or The New Jersey Office of Administrative Law.

PARTIES

8.    R.M., whose date of birth is 05/02/2002, is a minor child with a disability, primary diagnosis of Other Health Impairment – other medical condition.  She is eligible for special education and related services under the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 et seq. ("IDEA") and protection under Section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("§504"); the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* ("ADA"); New Jersey's Special Education Law, N.J.S.A. 18A:46-1 *et seq.*; and the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1 *et. seq.* ("NJLAD").

9.    A.W., whose date of birth is 01/03/2001, is a minor child with a disability, primary diagnosis of Other Health Impairment – Diabetes.  She is eligible for special education and related services under the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 et seq. ("IDEA") and protection under Section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("§504"); the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* ("ADA"); New Jersey's Special Education Law, N.J.S.A. 18A:46-1 *et seq.*; and the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1 *et. seq.* ("NJLAD").

10.    As foster children, R.M. and A.W. are eligible for protection under the *Every Student Succeeds Act of 2015*, Pub. L. No. 114-95 § 114 Stat. 1177 (2015-

2016) ("ESSA") and the New Jersey *Fostering Connections Act*, N.J.S.A. §30:4C-26B(3).

11.    K.K-M. is R.M.'s and A.W.'s legal guardian and resides with the minor children at 115 Bradley Court, Laurel Springs, Camden County, New Jersey.

12.    Defendant The New Jersey Department of Education ("NJDOE") is a State Educational Agency ("SEA") as that term is defined in 20 USC §1401(32); 34 CFR §300.41; and a "public entity" as that term is defined in 42 USC §12131(1); 28 CFR §35.104; and otherwise receives federal funds for special education under various federal statutes and, as such, is responsible for establishing and maintaining a system for resolution of disputes and ensuring compliance with all mandates arising under the numerous federal statutes for providing special education through its Office of Special Education Programs ("OSEP").  NJDOE has its principal place of business located at 100 River View Plaza, Trenton, Mercer County, New Jersey 08625-0500.

13.    Defendant The New Jersey Office of Administrative Law ("OAL") is an Executive Branch agency of the State of New Jersey designated by NJDOE to hear special education due process requests pursuant to 20 U.S.C. §1415(f); N.J.A.C. §1:6A-4.1.  OAL has its principal place of business located at 9 Quakerbridge Plaza, Mercerville (Hamilton Twp.), New Jersey 08619.

14.    Upon information and belief, Dominic Rota ("Rota") is a docket clerk for OSEP and works from its principal place of business.

15.    Defendant Gloucester City Public Schools ("GCPS") is a Local Educational Agency ("LEA") as that term is defined by 20 USC §1401(19) and 34 CFR §300.28 and a public agency of the State of New Jersey with its principal place of business located at 520 Cumberland Street, Gloucester City, Camden County, New Jersey 08030.  GCPS is a public school system in the State of New Jersey and an arm of the New Jersey Department of Education and, upon information and belief, receives federal funding.  As such, it is responsible for ensuring compliance with all mandates arising under the numerous federal statutes for providing special education to the school age students residing within its district.

JURISDICTION AND VENUE

16.    The Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction 28 U.S.C. §1331, premised upon the impact of the Supremacy Clause of the U.S. Constitution, Article IV, Clause 2, on a purported conflict between the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 et seq. ("IDEA") and New Jersey state residency requirements for school.

17.    The Court has personal jurisdiction over the Defendants because they are all arms of the government or residents of the State of New Jersey.

18.     Venue is proper pursuant to 28 U.S.C. §1391 as all the events giving rise to the claims herein occurred in this District.

FACTUAL BACKGROUND

19.     R.M. and A.W. have been registered students in GCPS for several years.

20.     As children with disabilities, R.M. and A.W. have each had an Individualized Educational Program ("IEP") under IDEA since they entered GCPS.

21.     B.W. is the birth mother of R.M. and A.W. and resides at 306 Middlesex Street, Gloucester City, Camden County, NJ.

22.     Since at least December 19, 2016, R.M. and A.W. have resided in the home of K.K-M. as a foster child, placed by the New Jersey Division of Child Protection and Permanency ("DCPP").

23.     On May 16, 2017, judgment was entered granting K.K-M. Kinship Legal Guardianship ("KLG") of R.M. and A.W., which included *inter alia* "the right to arrange and consent to educational plans for [each child]."

24.     The May 16, 2017 judgment for KLG is temporary and expires when R.M. and A.W. turn 18 or when the birth mother regains custody and guardianship, whichever comes first.

25.     If the May 16, 2017 judgment for KLG is amended, revoked, or expires before R.M. graduates from high school, R.M. will return to her home school district, which is GCPS.

26.     On October 24, 2017, Dennis M. Vespe, Superintendent of GCPS Gloucester City Public Schools, sent an email to K.K.-M. demanding that K.K-M. transfer enrollment of R.M. and A.W. from GCPS to the Laurel Springs (NJ) school district.

27.     GCPS did not issue a Prior Written Notice ("PWN") notifying K.K-M. of the change in placement of R.M. and A.W.

28.     On November 12, 2017, Plaintiffs filed their Requests for Due Process Hearing and Requests for Emergent Relief ("DP complaints") on behalf of R.M. and A.W. with OSEP via email as per the statutory requirements.  (A true and correct copy of the filing including the DP complaints is attached hereto as Group Exhibit A.)

29.     Under IDEA, a DP complaint must contain only: The name of the child involved; The address where the child resides; The name of the school the child attends; A description of the problem, including the facts relating to the alleged violation or problem; and A proposed resolution of the problem.  20 USC §1415(b)(7)(A)(ii); 34 CFR §300.508(b).

30.    The DP complaints set forth all of the relevant facts, caselaw, and statutory elements for a special education case.  In addition, the DP complaints invoked the statutory remedy of 'stay put' under IDEA, which "serves 'in essence, as an automatic preliminary injunction [against changing an IEP or placement].'" *M.R. v. Ridley School Dist.*, 744 F. 3d 112, 117 (3rd Cir. 2014) *cert. denied*, No. 13-1547, 2015 WL 2340858 (S.Ct. May 18, 2015).

31.    On November 13, 2017, counsel for Plaintiffs had a telephone discussion with Rota in which Rota said he was rejecting the DP complaints because they are "not special education" cases and that OSEP and OAL are not the proper forums to hear the cases because they involve New Jersey state residency laws for purposes of school registration.

32.    On November 13, 2017, OSEP via a Notice from Rota rejected the filing because "It does not meet the substantive requirements of N.J.A.C. 6A:14." (True and correct copies of the November 13, 2017 Notices are attached hereto as Group Exhibit B.)

33.    Rota bases his dismissal of Plaintiffs' DP complaints on the fact that the New Jersey school district residency laws take precedence over IDEA and stay put.

## COUNT ONE
**(Supremacy Clause)**

34.    Plaintiffs repeat and reallege the preceding allegations of this Complaint and incorporate them herein by reference as if set forth in full.

35.    The Supremacy Clause of the U.S. Constitution states that federal law "shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."  U.S. Constitution, Article VI, Clause 2.

36.    The U.S. Supreme Court has held that if there is a conflict between a federal law and state law, the federal law prevails.  *See Cipollone v. Liggett Group, Inc.*, 505 US 504, 516 (1992) ("Thus, since our decision in *McCulloch v. Maryland*, 4 Wheat. 316, 427 (1819), it has been settled that state law that conflicts with federal law is "without effect." *Maryland v. Louisiana*, 451 U. S. 725, 746 (1981).")

37.    This same concept has been applied in the context of special education laws.  *RB ex rel. Parent v. Mastery Charter School*, 762 F. Supp. 2d 745, 762 (E.D.Pa. 2010) ("to the extent that IDEA might conflict with that state law, [IDEA] prevails under the Supremacy Clause of the Constitution.")

38.    At issue in *RB ex rel. Parent* was a Pennsylvania law that requires that a student be disenrolled by a school after ten consecutive days of absence. However, Plaintiff RB was a special education student and the protections under

IDEA prevailed over the state truancy statute. *RB ex rel. Parent*, 762 F. Supp. 2d at 762.

39.     Thus, IDEA, §504, the ADA, and ESSA, all federal laws, prevail over New Jersey state residency laws under the Supremacy Clause of the Constitution.

40.     In this case, since R.M. and A.W. have IEPs and are special education children, they have the protection of the 'stay put' rule under IDEA.

41.     Under IDEA, students with disabilities are permitted to remain in their current educational placement (a/k/a "pendent placement") throughout and until completion of a dispute filed via a due process complaint. 20 U.S.C. §1415(j) ("during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . until all such proceedings have been completed.")  This is commonly known as the 'Stay Put' rule.

42.     The Stay Put rule is automatic as there are no preconditions or requirements, e.g. filing a motion or pleading, enunciated in the statute.

43.     "This provision, known as the IDEA's 'stay-put rule,' serves 'in essence, as an automatic preliminary injunction.'" *M.R. v. Ridley School Dist.*, 744 F. 3d 112, 117 (3rd Cir. 2014) *cert. denied*, No. 13-1547, 2015 WL 2340858 (S.Ct. May 18, 2015), *citing Drinker by Drinker v. Colonial School Dist.*, 78 F. 3d 859,

864 (3rd Cir. 1996). The rule reflects Congress's conclusion that a child with a disability is best served by maintaining her educational status quo until the disagreement over her IEP is resolved. *M.R.*, 744 F. 3d at 117.

44.     After ascertaining a student's current educational placement, the parents are entitled to an order maintaining that placement without satisfaction of the usual prerequisites to injunctive relief. *M.R.*, 744 F. 3d at 118.

45.     To determine what is the current educational placement, the 3rd Circuit has looked to the IEP actually functioning when stay put is invoked. *M.R.*, 744 F. 3d at 118.

46.     The 3rd Circuit held that 'Stay Put' applies through all proceedings, appellate reviews, and remands (should such occur) until complete resolution of the claims, even if parents do not ultimately prevail on the merits. *M.R.* 744 F.3d at 112.

47.     Thus, Defendants must maintain the R.M.'s and A.W.'s placement and services in the last agree-upon IEP through the pendency of all proceedings, including the present case and any appeals taken therefrom.

48.     GCPS did not issue a Prior Written Notice ("PWN") as required to change placement under IDEA. 20 U.S.C. §§1415(b)(3) and (c)(1); N.J.A.C. §6A:14-2.3(h); *see also* 20 U.S.C. §1415(c)(2)(B)(i).

49.    Thus, the minor Plaintiffs' IEPs at GCPS are the pendent placements or 'stay put' IEPs.

50.    Rota and/or NJDOE wrongfully violated the Supremacy Clause by enforcing New Jersey state residency laws over IDEA, §504, and the ADA. Specifically, Rota and/or NJDOE dismissed Plaintiffs' DP complaints because his and/or its position is that New Jersey law which determines residency for purposes of school district registration prevails over IDEA's 'stay put' rule.

WHEREFORE, Plaintiffs, demand that this honorable Court enter an Order in their favor and against Defendants as follows:

A.    Finding that R.M. and A.W., as children with disabilities and IEPs, are eligible for the protections provided by federal special education laws, specifically IDEA, §504, the ADA, and ESSA;

B.    Holding that the 'stay put' provision under IDEA and the protections under IDEA, §504, the ADA, and ESSA prevail over New Jersey state school residency laws under the Supremacy Clause of the Constitution;

C.    Holding that Plaintiffs filed sufficient DP complaints pursuant to 20 USC §1415(b)(7)(A)(ii); 34 CFR §300.508(b); and N.J.A.C. 6A:14 and therefore NJDOE and OAL must proceed with those cases;

D.     Enjoining Defendants from disenrolling or otherwise removing R.M. and A.W. from GCPS until resolution of the DP complaints and any appeals therefrom pursuant to the 'stay put' rule;

E.     Holding that Plaintiffs are prevailing parties on the issues herein;

F.     Granting Plaintiffs an award of monetary reimbursement for all expenses incurred by Plaintiffs and for attorney's fees and costs; and

G.     Such other and further relief as this Court deems equitable and just.

## COUNT TWO
### (Abuse of Power)

51.    Plaintiffs repeat and reallege the preceding allegations of this Complaint and incorporate them herein by reference as if set forth in full.

52.    IDEA provides that a school district may challenge a DP complaint on sufficiency grounds.  20 U.S.C. §1415(c)(2)(B)(i)(II).

53.    The New Jersey special education Administrative Code provides a mechanism by which a Respondent may challenge the sufficiency of a DP complaint.  N.J.A.C. § 6A:14-2.7(f) ("The notice for a hearing will be considered sufficient unless the respondent notifies the Office of Special Education Programs and the complaining party, in writing, within 15 days of receipt of the request for a due process hearing.")

54.    Thus, if the Respondent fails to file a challenge, there is a presumption of sufficiency and the matter moves forward.

55.    There is nothing in the New Jersey special education Administrative Code that allows NJDOE, OAL, OSEP or one of its employees to challenge the sufficiency of a DP complaint.

56.    Even if a sufficiency challenge is made, NJDOE and OSEP have no authority to adjudicate the challenge.  N.J.A.C. § 6A:14-2.7(f) ("The sufficiency challenge will be forwarded to the Office of Administrative Law and within five days of receipt of the written objection, an administrative law judge will determine whether the notice meets the requirements of 20 U.S.C. § 1415 and will notify the parties in writing of the determination.")

57.    However, that did not occur in this case.  In fact, NJDOE, OSEP, and Rota preempted any sufficiency challenge by GCPS and dismissed Plaintiffs' DP complaints *sua sponte*.

58.    There is no statutory authority enabling NJDOE, OSEP, or Rota to make a sufficiency challenge or to adjudicate one.  Only OAL may adjudicate a properly raised sufficiency challenge by a respondent in a special education DP case.

59.    By dismissing Plaintiffs' DP complaints, NJDOE, OSEP, and Rota abused their powers.

60.     Rota acted *ultra vires* by rejecting Plaintiffs' DP complaints. Alternatively, if Rota does have such authority, NJDOE and OSEP are complicit and wrongful in granting Rota such authority.

WHEREFORE, Plaintiffs, demand that this honorable Court enter an Order in their favor and against Defendants as follows:

A.      Holding that Plaintiffs filed sufficient DP complaints pursuant to 20 USC §1415(b)(7)(A)(ii); 34 CFR §300.508(b); and N.J.A.C. 6A:14 and therefore NJDOE and OAL must proceed with those cases;

B.      Holding that rejecting Plaintiffs' DP complaints was an abuse of power by NJDOE, OSEP and/or Rota;

C.      Finding that Rota acted *ultra vires* by rejecting Plaintiffs' DP complaints *sua sponte*;

D.      Finding that NJDOE and OSEP are wrongful in granting Rota the authority to reject Plaintiffs' DP complaints;

E.      Enjoining Defendants from disenrolling or otherwise removing R.M. and A.W. from GCPS until resolution of the DP complaints and any appeals therefrom pursuant to the 'stay put' rule;

F.      Holding that Plaintiffs are prevailing parties on the issues herein;

G.      Granting Plaintiffs an award of monetary reimbursement for all expenses incurred by Plaintiffs and for attorney's fees and costs; and

H.    Such other and further relief as this Court deems equitable and just.

## COUNT THREE
### (Injunctive Relief Pursuant to Fed.R.Civ.P. 65)

61.    Plaintiffs repeat and reallege the preceding allegations of this

Complaint and incorporate them herein by reference as if set forth in full.

62.    R.M. and A.W. both suffer from severe psychological disorders,

including *inert alia* attachment disorders, feelings of abandonment, and separation

anxiety as a result of their birth parents being unfit, the difficulties in the DCPP

system, and as manifestations of their disabilities.

63.    At GCPS, R.M. and A.W. are familiar and comfortable with staff,

have friends, have been enrolled in the school for several years, have K.K-M. (their

KLG) providing transportation and located in the school as support, and have

support including but not limited to school staff trained and experienced in

implementing their respective IEPs.  Indeed, both R.M. and A.W. are quite content

and happy at GCPS.

64.    If R.M. and A.W. are removed from GCPS, they would suffer

irreparable harm, including but not limited to devastating effects on their

psychological conditions from which they may not recover.  (Plaintiffs are

prepared to submit medical documentation and/or expert testimony under seal to

support this allegation, but do not do so here.)

65.     Plaintiffs have filed this Verified Complaint which sets forth "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed.R.Civ.P. 65(b)(1)(A).

66.     Plaintiffs are highly likely to succeed on the merits because of the tests under IDEA, §504, the ADA, and ESSA regarding 'stay put' and the harmful effects of relocating foster children from their current school outside of the IEP process.

67.     Immediate and irreparable harm will be a substantial as described above.

68.     The equities weigh in favor of Plaintiffs because protecting removal of special education children from their school in the middle of the school year is far more important than GCPS having to incur the expenses to implement Plaintiffs' IEPs and maintain them as registered students.

69.     There is substantial public interest in the issues presented because they are capable of repetition yet evading review as well as the public policy behind the ESSA and the New Jersey Fostering Connections Act.

70.     Plaintiffs' counsel will attempt to give notice to all Defendants prior to the motion accompanying this Verified Complaint.

71.    Defendants will not suffer any harm or prejudice by relief sought in this Verified Complaint and accompanying motion for injunctive relief.

WHEREFORE, Plaintiffs, demand that this honorable Court enter an Order in their favor and against Defendants as follows:

A.    Finding that removal of R.M. and A.W. from GCPS would cause irreparable harm and that Plaintiffs have met their burden entitling them to injunctive relief;

B.    Requiring Defendants to reinstate and proceed with the DP complaints;

C.    Enjoining Defendants from disenrolling or otherwise removing R.M. and A.W. from GCPS until resolution of the DP complaints and any appeals therefrom;

D.    Holding that Plaintiffs are prevailing parties on the issues herein;

E.    Granting Plaintiffs an award of monetary reimbursement for all expenses incurred by Plaintiffs and for attorney's fees and costs; and

F.    Such other and further relief as this Court deems equitable and just.

Dated:  November 14, 2017          Respectfully submitted,

By: /s/ Robert C. Thurston

Thurston Law Offices LLC
Robert C. Thurston, Esq.
100 Springdale Road A3
PMB 287
Cherry Hill, NJ 08003
Telephone: (856) 335-5291
Email: rthurston@schoolkidslawyer.com

Attorneys for Plaintiffs

## VERIFICATION OF COMPLAINT
## UNDER 28 U.S.C. §1746

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on: November 13, 2017

Kerry Kaminski-Mintz