+NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| K.K.-M., | : |
| Plaintiff, | : |
| v. | : Civil No. 17-11579 (RBK/KMW) |
|  | : **OPINION** |
| N.J. Department of Education, et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant Gloucester City Board of Education's Motion to Dismiss (Doc. No. 93), Defendant New Jersey Department of Education's Motion to Dismiss (Doc. No. 102), and Plaintiff's Motion for Reconsideration (Doc. No. 100). For the reasons set forth below, Plaintiff's Motion is **GRANTED**, and Defendants' Motions are **GRANTED** in part.

**I.   BACKGROUND**

   **A.  Factual Background**

In 2012, R.M. and A.W. moved with their biological parents to Gloucester City, New Jersey, where they enrolled in Gloucester City Public Schools ("GCPS"). (Doc. No. 79, Second Am. Compl. at ¶¶ 15–16). After several tumultuous years with their birth parents, R.M. and A.W. were placed with K.K-M in September 2015 and have remained with her ever since. (*Id.* at ¶¶ 25–28). K.K.-M resides in Laurel Springs, New Jersey, which falls outside of GCPS's district boundaries. (*Id.* at ¶ 53). This fact—the location of K.K.-M.'s residence—is the genesis of the current controversy.

In October of 2017, K.K.-M received an email from the superintendent of GCPS informing her that A.W. and R.M. should disenroll from GCPS and enroll in Laurel Springs School District, where they resided. In response, on November 12, 2017, K.K.-M filed her first set of requests for a due process hearing and emergent relief with New Jersey's Office of Special Education Policy ("OSEP") in the hopes of preventing this disenrollment. (*Id.* at ¶ 58). A day later, she received notice from Dominic Rota, Director of OSEP, informing her that her filing was rejected because it failed to satisfy the "substantive requirements of N.J.A.C. 6A:14." (*Id.* at ¶ 59). K.K.-M refiled her requests on November 19, which were promptly accepted. (*Id.* at ¶ 60). In her refiled requests, K.K.-M alleged that GCPS violated the IDEA and denied A.W. and R.M. a FAPE from 2015 to 2017 by (1) advising K.K-M that she did not have authority to make education decisions for A.W. and R.M.; (2) failing to re-evaluate A.W. and R.M. for a period of more than three years; (3) denying A.W.'s rights to accommodations for after school activities; and (4) failing to include transportation in A.W. or R.M.'s IEP. K.K.-M. also alleged that GCPS violated Section 504 of the Rehabilitation Act and the American with Disabilities Act. This due process complaint ("Due Process Case 1") wound its way through the administrative process ultimately ending with a decision in favor of GCPS. (*Id.* at ¶ 81).

Plaintiff filed a second due process complaint ("Due Process Case 2") against GCPS on May 30, 2019, claiming it failed to prepare a new IEP for the 2018 to 2019 school year, blocked adequate parental participation by K.K.-M in the development of a new IEP, and failed to fully implement the 2017 stay put IEP. (*Id.* at ¶ 82). This case ended the same way Due Process Case 1 did—with the ALJ entering a final decision in favor of GCPS. (*Id.* at ¶ 104).

    **B.  Separate but Related Case: K. K.-M. v. Gloucester City Bd. of Educ.**

In May of 2018, K.K.-M filed two separate due process complaints against GCPS because of its failure to comply with a document request pursuant to the IDEA and alleged interference with the independent educational evaluations for A.W. and R.M. *K. K.-M. v. Gloucester City Bd. of Educ.*, No. CV1915808RBKKMW, 2020 WL 5015485, at *1 (D.N.J. Aug. 25, 2020); (Civ. No. 19-15808, Doc. No. 4, Am. Compl. at ¶¶ 26–34). These due process cases were set before ALJ Jeffrey N. Rabin, and the parties cross-moved for summary judgment. (*Id.* at ¶ 36). On June 25, 2019, ALJ Rabin issued a final decision granting GCPS's motion for summary judgment and denying K.K.-M's. (*Id.* at ¶ 38). He found that the circumstances underlying K.K-M's due process complaints could not constitute a violation of the IDEA because they occurred after the A.W. and R.M. were no longer residents of GCPS, meaning GCPS did not have an obligation to provide them a FAPE.

On July 25, 2019, K.K.-M filed a complaint before this Court challenging the ALJ's decision granting summary judgment for GCPS and argued he erred by holding GCPS was no longer responsible for providing A.W. and R.M. with a FAPE. (*Id.* at ¶ 86). Both parties cross-moved for summary judgment, and we granted GCPS's motion but denied K.K.-M's. (Doc. No. 26, 27). We affirmed the ALJ's decision finding that because the District's conduct occurred after A.W. and R.M. were determined not to be residents, there was no possibility that those actions denied them their right to a FAPE. (Civ. No. 19-5805, Doc. No. 26).

## C. Procedural History[1]

Plaintiff's second amended complaint sets forth fifteen counts against Defendants GCPS, the New Jersey Department of Education, New Jersey Office of Administrative Law, Dominic Rota ("State Defendants"), and Black Horse Pike Regional School District. (Doc. No. 79).

---

[1] We need not recite the protracted procedural history of this case as we recently traced its addled trek through this Court and the administrative tribunals in our prior opinion.

3

Specifically, Plaintiff's counts are as follows: (1) appeal of Due Process Case One for legal errors; (2) substantive violations of the IDEA in Due Process Case One; (3) procedural violations of the IDEA in Due Process Case One; (4) violation of the IDEA's procedural safeguards in Due Process Case One; (5) federal preemption; (6) waiver; (7) violation of Section 504 of the Rehabilitation Act in Due Process Case One; (8) retaliation against K.K.-M for asserting legal rights under various civil rights laws; (9) violation of the American with Disabilities Act in Due Process Case One; (10) appeal of Due Process Case Two for legal errors; (11) substantive violation of the IDEA in Due Process Case Two; (12) procedural violations of the IDEA in Due Process Case Two; (13) violation of Section 504 of the Rehabilitation Act in Due Process Case Two; (14) retaliation against K.K.-M for asserting legal rights under various civil rights laws; and (15) violation of the ADA in Due Process Case Two. (*Id.* at ¶¶ 105–266). Defendants GCPS and State Defendants now move to dismiss. (Doc. No. 93, 102).

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

Defendant GCPS contends that to the extent Plaintiff's second amended complaint asserts claims for a denial of a FAPE after May 16, 2017, they must be dismissed because we held in a separate case that GCPS had no obligation to provide a FAPE after this date. Accordingly, Defendant GCPS invokes under the doctrine of issue and claim preclusion to contend that Counts One, Two, Three, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen must be dismissed. Defendant GCPS further contends that Count Five, the federal preemption claim, should be dismissed because it is legally incorrect and barred by issue preclusion. Lastly, GCPS argues that Count Six, Plaintiff's waiver claim, should be dismissed because it is not an independent cause of action and is barred by claim and issue preclusion.

The State Defendants raise numerous arguments why Plaintiff's claims should be dismissed, First, the State Defendants contend Count Six, the waiver claim, is barred by the

Eleventh Amendment, *Burford* abstention, the *Rooker-Feldman* doctrine, and this Court lacks subject matter jurisdiction over this claim. Second, they contend that Counts One and Ten—which allege a procedural violation of the IDEA since a decision was not issued within 45 days of expiration of the mediation period—should be dismissed as conclusory. Third, State Defendants request that Plaintiff's IDEA claim against Dominic Rota be dismissed because individuals are not subject to liability under the IDEA and Plaintiff has failed to state a plausible claim for relief. Fourth, State Defendants argue they should not be included in Counts One and Ten because such claims assert a variety of legal errors and therefore the State Defendants are not necessary parties. Fifth, according to State Defendants, Plaintiff's preemption claim, Count Five, should be dismissed because there is no conflict between state and federal law. Sixth, because Plaintiff's claims against State Defendants in Counts One and Ten fail, Plaintiff cannot seek compensatory education and to the extent Count Four seeks punitive damages, it should be stricken as they are not available under the IDEA. Seventh, State Defendants argue that Plaintiff's claim for disability discrimination under Section 504 of the Rehabilitation Act, Count Seven, and the general claim of retaliation, Counts Eight and Fourteen, fail to establish a plausible claim for relief.

We agree with Defendants that many of Plaintiff's claims are conclusory, barred by issue preclusion, or fail for lack of subject matter jurisdiction. Each issue is addressed below.

### A. Preclusion Doctrines

Many of Plaintiff's claims against Defendant GCPS are based on GCPS's failure to abide by the requirements of the IDEA post May 16, 2017. Defendant GCPS contends that to the extent Plaintiff's claims are based on post May 16, 2017 conduct, they are barred by issue preclusion because this Court held in a separate but related case, *K. K.-M. v. Gloucester City Bd.*

*of Educ.*, No. CV1915808RBKKMW, 2020 WL 5015485, at *1 (D.N.J. Aug. 25, 2020), that Defendant GCPS was not obligated to provide A.W. and R.M. a FAPE after May 16, 2017. We agree.

Issue preclusion prevents relitigation when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Reaves v. Pennsylvania Bd. of Prob. & Parole*, 580 F. App'x 49, 53 (3d Cir. 2014).

Here, the issue sought to be precluded is the same that was determined in the separate but related case—whether GCPS violated the IDEA by failing to provide A.W. and R.M. with a FAPE after May 16, 2017. This issue was actually litigated and decided because both parties argued for or against affirmation of ALJ Rabin's decision, which ultimately turned on whether GCPS was responsible for providing a FAPE to students who did not reside within their boundaries. Likewise, this issue was determined by a final and valid judgment on the merits because we granted summary judgment in favor of GCPS. Lastly, this determination was essential to the judgment because we could not grant summary judgment in favor of GCPS without rendering this decision. Therefore, issue preclusion applies here. Accordingly, Counts Ten, Eleven, Twelve, Thirteen, and Fifteen must be dismissed in their entirety because they involve the 2018-19 school year. However, Plaintiff is still entitled to seek relief under Counts One, Two, Three, Seven, and Nine to the extent that they relate to GCPS' alleged conduct that occurred prior to May 16, 2017.

Plaintiff raises several arguments in opposition, none of which have merit. First, Plaintiff contends that the issues in the separate but related case are not identical to the issues raised here and were not litigated. As just noted, this is simply incorrect. Second, Plaintiff rehashes an

7

argument that we previously rejected: ALJ Lieberman's ruling is *res judicata* on the issue that GCPS owes A.W. and R.M. a FAPE for the entire period that they remained enrolled at GCPS. As we already noted, the ALJ's finding was not essential to her judgment as she ultimately found that A.W. and R.M. were not entitled to compensatory education. *K. K.-M. v. Gloucester City Bd. of Educ.*, No. CV1915808RBKKMW, 2020 WL 5015485, at *4 (D.N.J. Aug. 25, 2020).

Defendant's argument for claim preclusion fails. Claim preclusion applies when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016). The third factor "generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *Id.*

Even if we were to agree that the first and second requirements were satisfied here, we cannot say that this case is based on the same cause of action as the one asserted in the separate but related case. Although the theories of recovery are the same—violation of the IDEA—the material facts, acts complained of, and evidentiary materials are distinct. In the separate but related case, Plaintiff's causes of action involved allegations that GCPS violated the IDEA by failing to produce complete educational records for A.W. and R.M. and that GCPS interfered with independent educational evaluations ordered by ALJ Beavers. In the current case, Plaintiff's causes of action are based on GCPS's failure to evaluate A.W. and R.M. in accordance with the requirements set forth in the IDEA, advising K.K.-M that she did not have authority to make education decisions for A.W or R.M., disregarding K.K.-M's requests for modifications of A.W. or R.M's IEPs, etc. The factual disparity between the current causes of action and the ones asserted in the separate but related case establish that claim preclusion does not apply.

**B. Violation of Procedural Due Process Claim against Mr. Rota**

Plaintiff asserts that Defendant Rota, the Director of OSEP, violated the IDEA, N.J.A.C. 6A:14 and 1:6A-12.1 when he rejected wrongfully rejected Plaintiff's first due process complaint. State Defendants contend this claim should be dismissed because individuals are not subject to liability under the IDEA and Plaintiff has failed to articulate how Rota's actions violated the IDEA. In response, Plaintiff argues that Mr. Rota, as an agent of NJDOE, can be held liable for violations of the IDEA and that his rejection of the due process complaint ultimately led to denial of a FAPE to A.W and R.M.

We agree with State Defendants that Plaintiff has failed to plausibly articulate that any supposed procedural violation of the IDEA amounts to a denial of a FAPE. "[T]he Supreme Court has directed that a school district's liability for violations of the IDEA is a two-fold inquiry: (1) [h]as the school district complied with the procedures set forth in IDEA?; and (2) [h]as the school district fulfilled its obligation to provide the student with a FAPE?" *C.P. v. New Jersey Dep't of Educ.*, No. CV 19-12807, 2020 WL 2611572, at *7 (D.N.J. May 22, 2020). As Defendants correctly recognize, not every procedural violation of the IDEA constitutes denial of a FAPE. The Third Circuit has held that while "it is important that a school district comply with the IDEA's procedural requirements, rather than being a goal in itself, such compliance primarily is significant because of the requirements' impact on students' and parents' substantive rights." *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 565 (3d Cir. 2010). In other words, "[a] procedural violation constitutes a denial of a FAPE when that violation causes 'substantive harm' to the child or her parents."

The implementing regulations indicate that "substantive harm occurs only if the preponderance of the evidence indicates that 'the procedural inadequacies (i) impeded the child's

9

right to a FAPE; (ii) significantly impeded a parents' opportunity to participate in the decision-making process regarding the provision of FAPE to the child; or (iii) caused a deprivation of educational benefits." *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 67 (3d Cir. 2010) (citing 34 C.F.R. § 300.513(a)(2)). Plaintiff's allegations are extremely conclusory. At most, Plaintiff alleges that her first due process complaint was rejected on November 13, 2017, that she had to refile six days later, and Mr. Rota had a conversation with a "colleague" prior to rejecting the due process complaint. From this Plaintiff leaps to the conclusion that there was unlawful collusion. Not only is Plaintiff making a tempest out of a teapot, but she does not even tether these allegations to any of the three theories set forth above. Instead, this Court is simply left to wonder how this six-day delay caused any "substantive harm" to the children or parent. Therefore, Plaintiff's claim is dismissed without prejudice.

### C.  Count One and Ten: State Defendant's Alleged Failure to Enforce 45 Day Rule

In Counts One and Ten of Plaintiff's second amended complaint, which are appeals of the underlying administrative hearings, she contends NJDOE's failure to enforce the 45 Day Rule amounts to a substantive violation of the IDEA. State Defendants seek dismissal of these two claims on the basis that Plaintiff has not alleged any substantive harm resulting from this procedural violation nor pled any facts plausibly showing a denial of a FAPE to A.W. and R.M. resulting from this procedural violation. Plaintiff, on the other hand, contends that this court has already ruled such systemic violations constitute a denial of a FAPE and she need not pled specific harm because any remedy is left to the discretion of the court.

As we noted above, the implementing regulations indicate that "substantive harm occurs only if the preponderance of the evidence indicates that 'the procedural inadequacies (i) impeded the child's right to a FAPE; (ii) significantly impeded a parents' opportunity to participate in the

10

decision-making process regarding the provision of FAPE to the child; or (iii) caused a deprivation of educational benefits." *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 67 (3d Cir. 2010) (citing 34 C.F.R. § 300.513(a)(2)).

We find that Plaintiff has adequately alleged a plausible claim for relief that State Defendants' failure to enforce the 45 Day Rule amounts to a substantive violation of the IDEA. The procedural inadequacy here is State Defendants failure to abide by the 45 Day Rule—that is, their failure to ensure that a decision is rendered on a due process petition within 45 days after expiration of the 30-day mediation period. Plaintiff contends that the final decision in Due Process Case 1 was rendered 818 days after expiration of the 30-day meditation period and the final decision in Due Process Case 2 was rendered 252 days after expiration of the 30-day meditation period. Because of these delays, Plaintiff maintains K.K.-M was significantly impeded in the opportunity to participate in the decision-making process of a FAPE for each child and therefore a substantive violation of the IDEA has occurred. These allegations raise a plausible claim for relief. *C.P. v. New Jersey Dep't of Educ.*, No. CV 19-12807, 2020 WL 2611572, at *9 (D.N.J. May 22, 2020) (finding a delay of 200 days beyond the 45 Day Rule sufficient to establish a plausible claim for relief under the IDEA). Accordingly, Counts One and Ten should not be dismissed against the State Defendants.

### D. Count Seven: Section 504 of the Rehabilitation Act Claim Against State Defendants

Plaintiff claims that State Defendants violated Section 504 of the Rehabilitation Act ("RA") for the 2015 through 2018 school years because A.W. and R.M. were excluded from cheerleading and other extracurricular activities at school, GCPS failed to appropriately identify A.W. and R. M.'s disabilities, failed to timely perform evaluations as required by the IDEA,

failed to inform K.K.-M of her legal rights and duties under the IDEA, etc. Plaintiff also claims the State Defendants and GCPS discriminated against A.W. and R.M. by disenrolling them from GCPS because of their disabilities. State Defendants' argument in response is very simple: Plaintiff's claim should against the State Defendants should be dismissed because it is conclusory. We agree.

A plaintiff can prove an RA violation where "(1) he is 'disabled' as defined by the Act; (2) he is 'otherwise qualified' to participate in school activities; (3) the school or the board of education receives federal financial assistance; and (4) he was excluded from participation in, denied the benefits of, or subject to discrimination at, the school."' *Andrew M. v. Delaware Cty. Off. of Mental Health & Mental Retardation*, 490 F.3d 337, 350 (3d Cir. 2007). What should be clear from Plaintiff's allegations above is that almost none of them relate to the State Defendants. Nearly all of them relate to GCPS' conduct which we cannot impute to the State Defendants. In fact, the only allegation contained in Count Seven which implicates State Defendants is the conclusory assertion that they disenrolled A.W. and R.M. from GCPS because of their disabilities. This bald conclusion does not even come close to satisfying the plausibility standard and therefore Plaintiff's Section 504 claim against State Defendants will be dismissed without prejudice.

### E. Counts Eight and Fourteen: Retaliation Claims Against State Defendants

In Count Eight, Plaintiff asserts State Defendants retaliated against K.K.-M in violation of Section 504 of the Rehabilitation Act and the American with Disabilities Act after she filed special education due process complaints in November of 2017 by attempting to remove and disenroll A.W. and R.M. from GCPS. Plaintiff claims the same in Count Fourteen. State Defendants contend the retaliation claims are deficient as a matter of law because NJDOE does

not initiate proceedings to disenroll students, rather it simply reviews the decision made by the school district regarding the domicile of a student and determines whether it is appropriate. Likewise, State Defendants contend Plaintiff has failed to allege a causal connection between the filing of the due process complaint and the removal of the students from GCPS. In response, Plaintiff maintains she has pled a sufficient claim for retaliation under Section 504 of the Rehabilitation Act and the American with Disabilities Act because all of GCPS's retaliatory actions were not only condoned but supported by NJDOE. In fact, Plaintiff believes that GCPS' counsel colluded with NJDOE to reject Plaintiff's due process complaints.

To bring a claim a claim for retaliation under Section 504 of the Rehabilitation Act, plaintiffs must show: (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action. *T.L. by & through Latisha G. v. Pennsylvania Leadership Charter Sch.*, 224 F. Supp. 3d 421, 433 (E.D. Pa. 2016). The prima facie elements for a claim of retaliation under the ADA are the same. *Sch. Dist. of Philadelphia v. Post*, 262 F. Supp. 3d 178, 199 (E.D. Pa. 2017).

The Court finds that Plaintiff's pleading falls short. At most, Plaintiff claims that NJDOE retaliated against K.K.-M after she filed a due process complaint by attempting to disenroll A.W. and R.M. Not only is this wholly conclusory but it is also flatly contradicted by other allegations in the complaint where Plaintiff alleges GCPS was the entity that disenrolled A.W. and R.M. from the school. (Doc. No. 79, SAC at ¶¶ 55, 56, 134, 142, 171). In fact, Plaintiff seems to back down from this assertion in her brief by now contending that NJDOE retaliated against KKM by condoning and supporting the attempted removal instead of performing the act itself. She then points to allegations in the complaint which supposedly bolster the alleged collusion—such as

ALJ Sanders denial of Plaintiff's request for emergent relief and certain alleged legal errors committed by her. This is simply an attempt to bootstrap her bald retaliation claim and fails to satisfy the plausibility standard. *K.S. o/b/o K.S.M. v. Hackensack Bd. of Educ.*, No. CV162155JMVMF, 2018 WL 2980391, at *7 (D.N.J. June 14, 2018) (dismissing the plaintiff's retaliation claim under Section 504 as conclusory because the most alleged was that the student was removed from the school against the recommendations from IEP team members). Accordingly, Plaintiff's claims against NJDOE for retaliation under Section 504 and the ADA will be dismissed without prejudice.

### F. Counts Five and Six

In Counts Five, Plaintiff seeks a declaratory judgment that Defendants violated the IDEA Stay Put rule by disenrolling and removing A.W. and R.M. from GCPS in accordance with New Jersey state residency law and that the Stay Put provision conflicts with and preempts the state residency law. In Count Six, Plaintiff asserts a cause of action labeled as "waiver" and contends GCPS and NJDOE waived their rights to challenge the continued enrollment of A.W. and R.M. at GCSP. Both Defendant GCPS and State Defendants argue Count Five should be dismissed because there is no conflict between state and federal law and Count Six should be dismissed for lack of subject matter jurisdiction. We agree with Defendants.

Starting with Count Six, the cause of action for "waiver," we simply do not have subject matter jurisdiction—federal question or supplemental—over this "cause of action." Plaintiff has cited no authority to support the argument that "waiver" is an independent cause of action. And we can find none. That said, Plaintiff is free to raise this principle as an argument or affirmative defense; that is, to use it is a shield, rather than a sword. Therefore, Count Six will be dismissed without prejudice.

Count Five will be dismissed because it is barred by issue preclusion.[2] Section 1415(j), commonly referred to as the Stay Put provision, provides:

> [D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents . . . otherwise agree, the child shall remain in the then-current educational placement of such child.

20 U.S.C. § 1415(j); *see also* 34 C.F.R. § 300.518(a). A violation of the stay put rule constitutes a violation of the IDEA procedural safeguards. *D.M. v. New Jersey Dep't of Educ.*, 801 F.3d 205, 212 (3d Cir. 2015). As noted above, a violation of the IDEA procedural safeguards may constitute a denial of a FAPE. However, because we already held that any conduct post May 16, 2017, cannot constitute a denial of a FAPE, and the alleged violation of the automatic stay occurred in November of 2017, Defendants cannot be liable for such a violation. Therefore, Count Five will be dismissed with prejudice because it is barred by issue preclusion.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are granted in part. An appropriate order follows.

Dated: 8/6/2021                                                              s/ Robert B. Kugler
                                                                                      ROBERT B. KUGLER
                                                                                      United States District Judge

---

[2] The Third Circuit recent decision in *Y.B. v. Howell Twp. Bd. of Educ.*, has essentially foreclosed Plaintiff's stay put argument as well. *Y.B. v. Howell Twp. Bd. of Educ.*, 4 F.4th 196 (3d Cir. 2021) (holding that "in a voluntary intrastate transfer, the 'stay-put' provision does not apply.").