**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| K.K-M., individually and as Kinship Legal Guardian of the A.W. and R.M., | No. 1:17-cv-11579-NLH-MJS |
| Plaintiffs, | **OPINION** |
| v. | |
| NEW JERSEY DEPARTMENT OF EDUCATION; NEW JERSEY OFFICE OF ADMINISTRATIVE LAW; DOMINIC ROTA, in his official capacity; GLOUCESTER CITY BOARD OF EDUCATION d/b/a GLOUCESTER CITY PUBLIC SCHOOLS; and BLACK HORSE PIKE REGIONAL SCHOOL DISTRICT, | |
| Defendants. | |

---

**APPEARANCES:**

ROBERT CRAIG THURSTON
THURSTON LAW OFFICES LLC
100 SPRINGDALE ROAD A3
PMB 287
CHERRY HILL, NJ 08003

   *Counsel for Plaintiffs.*


VICTORIA SIMOES BECK
WILLIAM CLAWGES MORLOK
PARK MCCAY P.A.
9000 MIDLANTIC DRIVE
SUITE 300
MOUNT LAUREL, NJ 08054

   *Counsel for Gloucester City Board of Education.*

```
MICHAEL S. MIKULSKI, II
CONNOR WEBER & OBERLIES, P.C.
WOODCREST PAVILION
TEN MELROSE AVENUE
SUITE 450
CHERRY HILL, NJ 08003
```

    *Counsel for Black Horse Pike Regional School District Board of Education.*

```
DONNA S. ARONS
JACLYN MICHELLE FREY
AIMEE ROUSSEAU
JOAN M. SCATTON
BETH N. SHORE
KERRY SORANNO
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET - P.O. BOX 112
TRENTON, NJ 08625
```

    *Counsel for the State Defendants.*

**HILLMAN**, **District Judge**

    This matter comes before the Court by way of Plaintiffs' Second Motion to Amend Complaint. (ECF 121). For the reasons stated below, the Court will grant in part and deny in part Plaintiffs' motion.[1]

---

[1] Plaintiffs are K.K-M., individually and as Kinship Legal Guardian of the A.W. and R.M. Defendants are the New Jersey Department of Education ("NJDOE"); the New Jersey Office of Administrative Law ("OAL"); Dominic Rota, in his official capacity (together, the "State Defendants"); Gloucester City Board of Education d/b/a Gloucester City Public Schools ("GCPS"); and Defendant Black Horse Pike Regional School District ("BHPRSD").

2

**BACKGROUND**

Plaintiffs seek to file a third amended complaint in response to Judge Robert Kugler's August 10, 2021 ruling on the State Defendants' motion to dismiss Plaintiffs' second amended complaint, which granted in part and denied in part the State Defendants' motion. (See ECF 119). On August 23, 2021, Plaintiffs formally moved to amend the complaint and filed a proposed complaint with the changes redlined. (See ECF 121). BHPRSD and the State Defendants filed oppositions to the motions regarding specific counts, arguing that amendment would be futile.[2] (ECF 122, 127). Plaintiffs promptly filed replies in further support of its motion. (ECF 123, 128). Briefing is now complete, and the Court will proceed to the merits of the motion.

**DISCUSSION**

I. Legal Standard for a Motion to Amend Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading . . . with the opposing party's written consent or the court's leave." Leave to amend is to be freely granted unless there is a reason for denial, "such as

---

[2] The State Defendants filed their opposition after the deadline to do so had passed and did not seek an extension until after that deadline. The Court allowed the State Defendants to file an opposition brief but stated that Plaintiffs could still argue that it was untimely. (ECF 126).

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, 434 F.3d 196, 204 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").

District courts "should freely give leave to amend when justice so requires." Schomburg v. Dow Jones & Co., 504 F. App'x 100, 103 (3d Cir. 2012) (citing Rule 15(a)(2)) (internal alterations omitted). "Thus, leave to amend ordinarily should be denied only when amendment would be inequitable or futile." (Id.) "[T]hese principles apply equally to *pro se* plaintiffs and those represented by experienced counsel." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" Burtch v. Milberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011) (quoting Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010)). Courts have held amendment to be inequitable where the plaintiff already had an opportunity to amend the complaint. Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("[W]e are inclined to give the District Court even broader discretion

4

when, as here, the court has already granted the requesting party an opportunity to amend its complaint."); McMahon v. Refresh Dental Mgmt., LLC, 2016 WL 7212584, at *11 (W.D. Pa. Dec. 13, 2016) ("The court need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed.") (internal alterations and quotation marks omitted).

II. Analysis

Plaintiffs seek to amend their Complaint in response to Judge Kugler's August 10, 2021 Opinion and Order. BHPRSD and the State Defendants challenge the amendments to specific counts. BHPRSD challenges the amendments to Counts One and Eight and the addition of Counts Nine through Twelve Against them.

The Court agrees that amendment to Counts One and Eight against BHPRSD would be futile and therefore will deny the motion to amend to add BHPRSD to those counts. Count One alleges legal error in two due process matters before the NJDOE and the OAL to which BHPRSD was not a party. The Court finds that it would be futile to add BHPRSD to those counts because the provision that allows appeal of a due process petition to the district court makes clear that it must be based on the underlying complaint filed before the NJDOE. A pure claim based on legal error is more appropriately handled as an appeal than

5

as a separate count. The provision of the IDEA allowing appeal of the prior decision is clear that the scope of any appeal of the underlying action is cabined by the due process complaint. 20 U.S.C.A. § 1415(h)(2)(A)  ("Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.").

Essentially, § 1415(h)(2)(A) makes clear that a party appealing the result of a due process proceeding must base that appeal on the underlying complaint filed in that proceeding. The fact that Counts One and Eight suggest that BHPRSD should have intervened in the underlying due process complaints does not change this. (See ECF 121-2 at 55 ("BHPRSD s failed to intervene and ensure the IEEs were considered and incorporated into the 8/14/2018 IEPs for A.W. and R.M.  This is prima facie proof of BHPRSD's denial of FAPE to A.W. and R.M.")).  BHPRSD was not a party to the underlying due process proceedings and thus is not appropriately named as a defendant in Counts One and Eight.  Therefore, the Court will deny the motion to amend to

the extent that it seeks to amend Counts One and Eight to name BHPRSD.

That said, the Court will allow amendment of the complaint to add claims against BHPRSD for Counts Nine through Twelve for alleged violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. (the "IDEA"), § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.  BHPRSD is correct that generally such claims would be inappropriate because Plaintiffs have not exhausted their administrative remedies against BHPRSD.

However, there is an exception to that requirement where use of the administrative system would be futile.  M.M. v. Paterson Bd. of Educ., 736 F. App'x 317, 319-20 (3d Cir. 2018) ("There are four exceptions to the exhaustion requirement: (1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm.") (internal quotation marks omitted).  The court is satisfied that exhaustion would be futile based on the pleadings in the proposed complaint. Specifically, the proposed complaint alleges that one of the due process cases the Plaintiffs filed did not receive a final decision until 698 days after the case was transmitted to the

7

OAL.  (ECF 121-2 at 57).  On the current record, it certainly would seem to be an exercise in futility to require Plaintiffs to commence a due process petition that, based on the timeline of their last petitions, could take years to resolve.

The State Defendants argue that the Court should not allow amendment to Count Four because it would be futile. Specifically, they contend that Count Four, an alleged violation of the IDEA's procedural safeguards against the State Defendants, is almost identical to the count that Judge Kugler previously dismissed.  They point to the allegations against Dominic Rota that he rejected Plaintiffs' first due process complaint as conclusory.  Plaintiffs counter that the State Defendants filed their opposition brief late without requesting the Court for permission to do so before the deadline and that the Court should therefore disregard their submission.  They also argue that their amendments to Count Four addresses what Judge Kugler specifically found lacking in their last complaint—an explanation of how they were substantively harmed.

The Court certainly could disregard the State Defendants' opposition as being untimely filed.  U.S. Small Bus. Admin. v. Herbst, 2011 WL 5526057, at *2 (D.N.J. Nov. 14, 2011) (declining to consider an untimely filed submission).  However, the Third Circuit has made clear its preference that matters be decided on the merits where possible.  Kauffman v. Moss, 420 F.2d 1270,

8

1276 (3d Cir. 1970) ("[L]itigation, where possible, should be decided on the merits.")  Plaintiffs' proposed complaint adds allegations in Count Four of how Mr. Rota's actions caused them substantive harm.  The proposed complaint states, "Upon information and belief NJDOE and/or Rota have rejected other due process complaints and Emergent Relief applications without transmitting them to an Administrative Law Judge and without a sufficiency challenge by a party." (ECF 121-3 at 105).  This is admittedly still thin, but taken with the rest of the allegations in the complaint and considering what information would be available to Plaintiffs about Mr. Rota's activities at this point in litigation, the Court cannot say that this amendment is futile.  Destro v. Hackensack Water Co., 2009 WL 3681903, at *2 (D.N.J. Nov. 2, 2009) ("The Court must consider the Complaint in its entirety and review the allegations as a whole and in context."); Wood v. State of New Jersey, 2016 WL 4544337, at *5 n.5 (D.N.J. Aug. 31, 2016) (citing In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002)  ("[T]he Third Circuit has [] recognized that pleading facts upon information and belief is permitted where the factual information at issue is within the Defendants' exclusive possession and control.")  Thus, the Court finds amendment to Count Four to be appropriate.

With respect to the rest of the proposed complaint, none of

9

the defendants have raised arguments that leave to amend should not be granted.  The Court is not prepared to hold at this time that amendment to the rest of the complaint would be futile or inequitable.  The record indicates that Plaintiffs have been diligently pursuing their rights and have tailored the proposed amendments to fit with Judge Kugler's directives on the prior motion to dismiss.

## **CONCLUSION**

For the reasons stated above, the Court will grant Plaintiffs' Motion to Amend Complaint except with respect to the proposal to add BHPRSD as a defendant to Counts One and Eight.

An appropriate Order will be entered.


Date: March 30, 2022               s/  Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.