[ECF No. 163]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| K.K.-M.,<br>*Individually and as Kinship Legal Guardian of the minor children R.M. and A.W.*,<br><br>              Plaintiffs,<br><br>  v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, et al.,<br><br>              Defendants. | Civil No. 17-11579 (NLH/MJS) |

**O P I N I O N   A N D   O R D E R**

This matter comes before the Court upon the motion to lengthen the time to respond to Requests for Admission ("RFA") ("Motion") filed by defendant Gloucester City Board of Education, doing business as, Gloucester City Public Schools ("Defendant") [ECF No. 163].[1] The Court has received and reviewed the brief and letter

---

[1] The Court construes Defendant's Motion as a motion to withdraw admissions because (1) Defendant served the responses to the RFA after the deadline established by Federal Rule of Civil Procedure 36(a) ("Rule 36(a)"), which provides that a matter that is the subject of an RFA is deemed admitted if no response is received from the other party within thirty days, see Fed. R. Civ. P. 36(a)(3); and (2) Defendant has responded to all 435 of Plaintiffs' RFA, meaning that Defendant is not requesting more time to respond to outstanding RFA, but instead is requesting that the Court excuse the late responses and allow those to replace the "deemed" admissions.

1

in opposition filed by plaintiffs K.K.-M., individually and as Kinship Legal Guardian of the minor children A.W. and R.M. ("Plaintiffs") [ECF Nos. 164, 173] and Defendant's reply to Plaintiffs' opposition [ECF No. 175]. The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, the Motion is **GRANTED**.

**Background**

On June 8, 2022, Plaintiffs served Defendant with 435 RFA. ECF No. 163-1 at 4. Then, on September 8, 2022, Plaintiffs filed a partial motion for summary judgment against Defendant. ECF No. 159.

Defendant served Plaintiffs with responses to the RFA on October 20, 2022 and filed the current Motion on the same day. ECF No. 163-1 at 4. Defendant filed its opposition to Plaintiffs' partial motion for summary judgment on October 24, 2022. ECF No. 165. Plaintiffs filed a motion to strike Defendant's opposition the next day. ECF No. 166.

Plaintiffs filed their brief in opposition to Defendant's Motion on October 24, 2022 [ECF No. 164] and a letter in support of their brief in opposition on November 8, 2022 [ECF No. 173] to which Defendant replied on November 14, 2022 [ECF No. 175].

Defendant acknowledged in the Motion that its responses were served on Plaintiffs past the Rule 36(a) deadline and explained

that counsel had "mistakenly failed to request an extension of time from Plaintiffs' Counsel or file for a protective order due to the length of the Requests." ECF No. 163-1 at 4. Counsel for Defendant also explained that the RFA requested information about the state court administrative trials that had previously taken place and at which he had not represented Defendant, which contributed to the delay in responding. ECF No. 163-2 ¶ 4. In the Motion, presumably to argue that Plaintiffs will not be prejudiced by Defendant's late responses, Defendant also noted that "discovery is in its infancy" and "[t]o date, no depositions have been scheduled." Id. Further, Defendant maintained that discovery is being managed in connection with six other cases in which the New Jersey Department of Education is also a defendant, which has further delayed discovery. Id. Defendant also asserted that Plaintiffs did not alert Defendant they were intending to file a motion for partial summary judgment and thereby required responses to the RFA, noting that it was unusual for Plaintiffs to have filed that motion "at this early stage of discovery." Id.

Defendant emphasized that granting the Motion would lead to the "presentation of merits" in this case.[2] ECF No. 163-1 at 5-6.

---

[2] In support of this argument, Defendant cites Judge Hillman's March 31, 2022 opinion [ECF No. 131 at 8-9] granting in part and denying in part Plaintiff's motion to amend the complaint, in which he cited the Third Circuit's preference for deciding cases on their merits. ECF No. 163-1 at 6.

3

Plaintiffs argue that Defendant's Motion must be denied because (1) it is untimely, (2) "offers no valid excuse for the violation," and (3) will result in prejudice to Plaintiffs if granted. ECF No. 164 at 5. Plaintiffs argue that counsel for Defendant "cannot claim surprise as to the facts of the underlying" hearings in state court, on which the RFA are based, because even if counsel for Defendant personally did not represent Defendant at that time, his firm did. Id. Further, Plaintiffs argue that they did not need to make Defendant aware of their intention to file a motion for partial summary judgment because Rule 36(a) makes clear that "responding to RFA is an independent requirement from the filing of a motion [for summary judgment]." Id. at 6.

In addition to arguing that both of Defendant's "excuses" for failing to timely respond to the RFA are "meritless and insufficient to overcome [such failure]," Plaintiffs argue that allowing Defendant more time to respond to the RFA and withdrawing the deemed admissions would cause Plaintiffs undue prejudice because they relied on the admissions when filing their partial motion for summary judgment. If Defendant's Motion is granted, Plaintiffs assert they will be sent "back to square one and have to prove all of those facts at trial thereby defeating the express Congressional purpose of Rule 36." Id. at 7. Lastly, Plaintiffs argue "[t]here has already been substantial delay in this case as it is a 2017 docket[.]" Id.

4

**Discussion**

Federal Rule of Civil Procedure 36 governs requests for admission: "A matter is admitted unless, within [thirty] days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. <u>A shorter or longer time for responding may</u> be stipulated to under Rule 29 or <u>be ordered by the court</u>." Fed. R. Civ. P. 36(a)(3) (emphasis added).

After the Rule 36 deadline passes, however, the court, upon motion, may permit the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b); <u>see, e.g.</u>, <u>Certain Underwriters at Lloyd's of London v. Alesi</u>, 843 F. Supp. 2d 517, 532 (D.N.J. 2011) (quoting <u>United States v. Branella</u>, 972 F. Supp. 294, 301 (D.N.J. 1997) ("Courts have great discretion in deciding whether to withdraw or amend an admission.")). "Subject to Rule 16(e)[3], the court may permit withdrawal or amendment <u>if it would promote the presentation of the merits of the action and if the court is not persuaded that</u>

---

[3] Federal Rule of Civil Procedure 16(e) governs final pretrial conference and orders. "The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

5

<u>it would prejudice the requesting party in maintaining or defending the action on the merits</u>. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Id. (emphasis added).

The party contesting withdrawal of the admissions has the burden of demonstrating that it will be prejudiced from such withdrawal. See Branella, 972 F. Supp. at 301. Prejudice can be shown if the motion for withdrawal had been made on the eve of trial and that party had relied on the admissions in preparing for trial. Id. Additionally, "[a] party is not prejudiced by a belated response simply because his position is prejudiced by the true facts contained in the response." In Re Paulsboro Derailment Cases Clark v. Consol. Rail Corp., Civ. No. 13-0784, 2016 WL 7427117, at *1 (D.N.J. July 19, 2016) (quoting Altman v. Ingersoll-Rand Co., Civ. No. 05-0956, 2008 WL 596066, at *3 (W.D. Pa. Mar. 4, 2008)). Instead, "courts have defined prejudice as relating 'to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted.'" Id. at *2 (quoting Altman, Civ. No. 05-0956, 2008 WL 596066, at *3).

Plaintiffs served the RFA on Defendant on June 8, 2022. Pursuant to Fed. R. Civ. P. 36(a)(3), Defendant had until July 8, 2022 to respond to the admissions or to request more time to respond. Because Defendant did not reply to the RFA or request

more time to respond by July 8, 2022, the subjects of the RFA were deemed admitted. Defendant now asks the Court to withdraw those admissions and accept its responses three and a half months after they were due.

Notwithstanding the delay, the Court will grant Defendant's Motion, finding that doing so will lead to a "presentation of the merits," and, at this stage of the litigation, will not prejudice Plaintiffs. Judge Hillman retains discretion to decide how this discovery opinion and order will affect the resolution of Plaintiffs' motion for partial summary judgment [ECF No. 159].

Presentation of Merits

Plaintiffs filed a motion for partial summary judgment[4] against Defendant [ECF No. 159] and included all admitted 435 RFA in their "undisputed stipulation of facts." ECF No. 159-2. Although the Court notes that Defendant did "admit" to many of the RFA in its responses [ECF No. 163-3], Defendant also denied[5] significant and salient issues in the litigation, regarding the Defendant's evaluations of the plaintiff minors [RFA Nos. 30, 47-48, 56, 62-63, 67, 84, 116, 118, 203, 211, 218-221, 271], certain measures and accommodations Defendant provided for the plaintiff minors

---

[4] It appears that Plaintiffs moved for summary judgment against all of the claims they brought against Defendant.

[5] Per the Court's review, Defendant "denied" at least 130 of the 435 RFA.

7

[RFA Nos. 55, 101, 143, 202], and the plaintiff minors' educational abilities [RFA Nos. 90, 93, 125, 143, 145, 157, 414, 418, 425]. Defendant also denied Plaintiffs' representations that certain "facts" were part of the records of the administrative trials. See RFA Nos. 30, 62, 76, 109, 185–200, 257, 260, 262–63, 265, 268–69, 302, 319, 342, 352, 361, 370–71, 378, 384, 402, 412, 423.

Denying Defendant's Motion would result in the Court relying on deemed admissions, some of which are actually contested[6], to determine the summary judgment motion, which is disfavored. See David's Bridal, Inc. v. House of Brides, Inc., Civ. No. 06–5660, 2010 WL 323306, at *9 (D.N.J. Jan. 20, 2010) (granting plaintiff's motion to withdraw deemed admissions, one of which was about the famousness of the trademark, because plaintiff's "claim that its trademark is famous has been integral to its case from the beginning, [and] allowing [plaintiff] to make its case that its trademarks are famous would lead to a more just determination of the merits."); 1 Discovery Proceedings in Federal Court § 19:14 (3d ed.) ("A party moving to withdraw or amend an admission must show that the presentation of the merits will be served by granting the motion. In this regard, the possibility that summary judgment may be granted on the basis of unanswered or untimely answered requests for admission generally will not serve the presentation

---

[6] As noted above, Defendant "denied" at least 130 of the 435 RFA.

8

of the merits."); see also Percella v. City of Bayonne, Civ. No. 21-1504, 2022 WL 2207832 (3d Cir. 2022).

Accordingly, as Judge Hillman has found, granting Defendant's Motion will "insure that the matter is decided on the merits rather than by procedural default . . . ." Certain Underwriters, 843 F. Supp. 2d at 532-33 (noting that denying party's motion to withdraw deemed admissions would result in summary judgment against the party on all its claims, whereas the defendant only moved for summary judgment on two of the claims); see also Branella, 972 F. Supp. at 301 (granting plaintiff's motion to withdraw in part because considering plaintiff's responses to the RFA will facilitate a fair presentation the merits of this case); C.J. Hughes Constr. Co. Inc. v. EQM Gathering OPCO, LLC, 358 F. Supp. 3d 486, 489 (W.D. Pa. 2019) (granting defendant's motion to withdraw its deemed admissions because it would promote the presentation on the merits because the RFA "implicate 90% of plaintiff's total claim in this case, and the parties disagree about the truth of the statements deemed admitted."); Magni v. Cnty. of Luzerne, Civ. No. 15-1177, 2018 WL 1384645, at *3 (M.D. Pa. Mar. 19, 2018) ("The admissions go to major factual issues of the case. Thus, allowing Plaintiff to amend [or withdraw] her answers, instead of deeming them admitted as a matter of law, would promote the Rule's preference for resolution of the case on the merits.").

Prejudice

The Court also finds that Plaintiffs will not be prejudiced if Defendant is permitted to withdraw the deemed admissions. Defendant served its responses over four months after the RFA were served, and over three months after the responses were due under Rule 36(a). Undoubtedly, this is longer than some other cases in which courts have granted a party's motion to withdraw deemed admissions after filing its responses beyond the deadline. See, e.g., Certain Underwriters, 843 F. Supp. 2d at 532-33 (granting party's motion to withdraw admissions after filing responses twenty-four days after the deadline); C.J. Hughes Constr., 358 F. Supp. 3d at 490 (granting defendant's motion to withdraw and finding that the plaintiff would not be prejudiced because the eighteen-day delay was "minimal" and would not have materially inhibited plaintiff's ability to take depositions and for discovery to progress).

However, in David's Bridal, Civ. No. 06-5660, 2010 WL 323306, at *9, even though plaintiff's responses to defendant's RFA were served approximately one year late, the court was "not persuaded that withdrawal of the admission would prejudice the requesting party in defending the action on the merits." The case involved a trademark dispute between two bridal stores. Id. at *1. One of the reasons defendants proffered in opposing plaintiff's motion to withdraw the deemed admissions was that they relied on plaintiff's

10

failure to respond to the RFA as an admission that its trademark was not famous. Id. at *9. The court found that contention "not credible, given the salience of this contention in the Complaint" and found it unreasonable for defendants to rely on an "admission," the matter of which was one of the major disputes in the case. Id.

Here, the Court recognizes that counsel for Defendant failed to request an extension to serve the responses and that Defendant's delay in serving the responses was significant,[7] although not as significant as the delay in David's Bridal. However, the Court notes that Defendant had to respond to 435 RFA and, based on Defendant's answer to the complaint [ECF No. 139], it is undeniable that salient facts in this case clearly were in dispute. Plaintiffs

---

[7] In Kelvin Cryostems, Inc. v. Lightnin, 252 F. App'x. 469, 470-72 (3d Cir. 2007), the Court of Appeals found that the District Court did not abuse its discretion in denying plaintiff's motion to withdraw the admissions after plaintiff responded sixty-nine days after the requests were served and thirty-nine days after the responses were due.

Although the delay in Defendant serving the responses in this case was longer than the delay in Kelvin, this Court need not follow the court in Kelvin and deny Defendant's Motion because the party moving to withdraw (plaintiff) in Kelvin "had ignored multiple court orders directing it to produce discovery, consistently missed filing deadlines, and failed to provide satisfactory justification for its repeated delays." Id. at 473. Further, defendant "explicitly argued that it would be prejudiced by [plaintiff's] failure to produce discovery and that [plaintiff] failed to show how its answers would aid the presentation of the merits of the case." Id. Defendant in this case did not have a history of dilatoriness or failure to comply with court orders, and Plaintiffs have not shown how they would be prejudiced by the Court granting Defendant's Motion. Therefore, Kelvin is distinguishable.

11

argue that they will be prejudiced because the admissions impacted their motion for partial summary judgment, however District Courts in the Third Circuit have acknowledged that reliance on deemed admissions in preparing a motion for summary judgment does not constitute prejudice for the purposes of denying a motion to withdraw admissions. See Owens v. IQ Data Int., Inc., Civ. No. 20-4099, 2022 WL 4225391, at *2 (E.D. Pa. Sept. 13, 2022) ("A number of circuits have categorically held that preparing a summary judgment motion while relying on admissions is insufficient to prove prejudice under Rule 36(b)."); EFMC Int., Inc. v. Leep, Inc., Civ. No. 05-1289, 2006 WL 8448817, at *2 (M.D. Pa. Sept. 19, 2006) (finding that plaintiff's "fil[ing] many motions and briefs due to defendant's failure to respond" did not constitute prejudice).

Again, based on Defendant's answer to the complaint and the history of this suit, surely Plaintiffs did not believe that Defendant planned on admitting the contents of each of the 435 RFA, such that Plaintiffs can claim they will be prejudiced if the Court grants Defendant's Motion because they have filed the partial motion for summary judgment in reliance on these admissions.[8] Lastly, the Court notes that despite the case having been filed in 2017, discovery in this case has not closed and per Defendant's

---

[8] Plaintiffs even acknowledge in their opposition to Defendant's Motion that Defendant "denied virtually every allegation in the Third Amended Complaint[,]" leaving "Plaintiffs to prove hundreds, if not thousands, of facts in this case." ECF No. 164 at 6.

12

counsel's representation, no depositions have been taken. ECF No. 163-1 at 4.

Accordingly, the Court finds that Plaintiffs have not demonstrated they would be prejudiced by the Court granting Defendant's Motion.

**IT IS** on this **17th** day of **May 2023**,

**ORDERED** that Defendant's Motion seeking to extend its time to respond to Plaintiffs' Requests for Admissions [ECF No. 163] is **GRANTED**; and it is further

**ORDERED** that Defendant's deemed admissions are withdrawn and the responses to the RFA previously served shall be considered timely.

s/ Matthew J. Skahill  
MATTHEW J. SKAHILL  
United States Magistrate Judge

cc:  Hon. Noel L. Hillman  
     Senior United States District Judge