**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| K. K.-M.<br>*Individually and as Kinship Legal Guardian of the minor children R.M. and A.W*<br><br>*Plaintiff*,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION; NEW JERSEY OFFICE OF ADMINISTRATIVE LAW; DOMINIC ROTA, *individually and in his official capacity*; GLOUCESTER CITY BOARD OF EDUCATION d/b/a GLOUCESTER CITY PUBLIC SCHOOLS; and, BLACK HORSE PIKE REGIONAL SCHOOL DISTRICT BOARD OF EDUCATION<br><br>*Defendants.* | No. 1:17-cv-11579-NLH-MJS<br>**OPINION & ORDER** |

**APPEARANCES**

Robert Craig Thurston, Esq.
Thurston Law Offices LLC
433 River Road
Suite 1315
Highland Park, NJ 08904-1940

   *Attorney for Plaintiff.*


Victoria Simoes Beck, Esq.
William Clawges Morlok, Esq.
Park McCay P.A.
9000 Midlantic Drive
Suite 300
Mount Laurel, NJ 08054

   *Attorneys for Defendant Gloucester City Board of Education*

**<u>HILLMAN</u>, District Judge**

  WHEREAS, this action involves claims against the State of New Jersey and two school districts for alleged violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, <u>et</u> <u>seq</u>., § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, <u>et</u> <u>seq</u>., and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, <u>et</u> <u>seq</u>. (ECF No. 133);

  WHEREAS, on June 8, 2022, Plaintiff served Defendant Gloucester City Board of Education with four hundred and thirty-five (435) Requests for Admissions (RFA) under Rule 36 of the Federal Rules of Civil Procedure; and

  WHEREAS, on September 8, 2022, Plaintiff filed a partial motion for summary judgment against Defendant Gloucester, utilizing said Defendant's failure to respond to the RFAs as admissions of facts for purposes of obtaining judgment (ECF No. 159); and

  WHEREAS, on October 20, 2022, Defendant Gloucester served its responses to the RFAs upon Plaintiff, and filed a Motion for Extension of Time to do so with the court that same day (ECF No. 163); and

  WHEREAS, Defendant Gloucester timely filed (ECF No. 161) its opposition to Plaintiff's Partial Motion for Summary Judgment on October 24, 2022 (ECF No. 165), which Plaintiff

motioned to strike the following day (ECF No. 166); and

WHEREAS, in his discretion, United States Magistrate Judge Matthew J. Skahill construed Defendant Gloucester's Motion for Extension of Time as one to withdraw the admissions and ultimately granted same (ECF No. 189); and

WHEREAS, Plaintiff has appealed Judge Skahill's decision on the bases that it was clearly erroneous and contrary to law, primarily because of the lateness of Defendant Gloucester's Rule 36(b) request and because said Defendant failed to abide by Federal and Local Rules of Civil Procedure regarding motion and discovery practice, as well as Judge Skahill's Standing Orders regarding same, thereby causing prejudice to Plaintiff (ECF No. 190); and

WHEREAS, upon appeal of a Magistrate Judge's decision,

> This Court reviews the [ ] Order under the clearly erroneous standard. A Magistrate Judge's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous or contrary to law. To be contrary to law, a Magistrate Judge's order must have "misinterpreted or misapplied applicable law."  A Magistrate Judge's order is clearly erroneous only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

Cornell Capital Partners, L.P. v. Bad Toys, Inc., Civil No. 05-5700, 2008 U.S. Dist. LEXIS 130179, at *2 n.3 (D.N.J. Feb. 23, 2007) (internal citations omitted); and

WHEREAS, Federal Rule of Civil Procedure 36 provides:

> **Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed.R.Civ.P. 36(b); and

WHEREAS, Fed.R.Civ.P. 16(e) is not implicated here, as discovery in this matter remains ongoing and a trial date has not been set; and

WHEREAS, "courts have great discretion in deciding whether to withdraw or amend an admission." United States v. Branella, 972 F. Supp. 294, 301 (D.N.J. 1997) (citation omitted); and

WHEREAS, "[w]hile Rule 36 does not authorize a district court to unilaterally withdraw or amend an admission, it does not specify the precise form a motion to withdraw or amend must take." Percella v. City of Bayonne, No. 21-1504, 2022 U.S. App. LEXIS 17037, at *5 (3d Cir. May 25, 2022); and

WHEREAS, in its discretion, a court may excuse a mistitled motion under Rule 36 and consider it as one to withdraw admissions, as "a disposition on the merits is preferred over a decision based upon procedural technicalities." Sunoco, Inc. v.

4

MX Wholesale Fuel Corp., 565 F. Supp. 2d 572, 577 (D.N.J. 2008); and

    WHEREAS, "[w]here a party would be *precluded from discovery* as a result of the withdrawal or amendment of previously admitted statements *on the eve of trial*, that party would suffer prejudice if she had relied on the admissions *in preparing for trial*." Branella, 972 F. Supp. at 301 (emphasis added); and

    WHEREAS, "[t]he court *must also consider* whether amendment or withdrawal of the admission will subserve the presentation of the merits of the case.  That is, where possible, an action should be resolved on its merits."  Id. (citation omitted) (emphasis added); and

    WHEREAS, based upon: (1) the fact that discovery in this case remains ongoing and trial has not been scheduled; (2) the admissions contradict denials in Defendant Gloucester's Answer to Plaintiff's Third Amended Complaint; and, (3) acceptance of the admissions upon which Plaintiff's summary judgment motion against Defendant Gloucester is predominantly based would subvert presentation of the merits of the case (a critical aspect that Plaintiff herein does not address in its brief), this Court finds Judge Skahill was wholly within his discretion to grant withdrawal of the admissions; and

    WHEREAS, Judge Skahill's ruling was not clearly erroneous or contrary to law,

5

THEREFORE, it is on this 14th day of July 2023,

**ORDERED** that Plaintiff's Appeal of the Magistrate Judge's Decision (ECF No. 190) be, and the same hereby is, DENIED; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment Against Defendant Gloucester (ECF No. 159) is DENIED without prejudice; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant Gloucester's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 166) is DENIED as moot.

At Camden, New Jersey                           /s/ Noel L. Hillman
                                                        U.S.D.J.