**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| K. K.-M.<br>*Individually and as Kinship Legal Guardian of the minor children R.M. and A.W*<br><br>      *Plaintiff,*<br><br>      v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION; NEW JERSEY OFFICE OF ADMINISTRATIVE LAW; DOMINIC ROTA, *individually and in his official capacity*; GLOUCESTER CITY BOARD OF EDUCATION d/b/a GLOUCESTER CITY PUBLIC SCHOOLS; and, BLACK HORSE PIKE REGIONAL SCHOOL DISTRICT BOARD OF EDUCATION<br><br>      *Defendants.* | No. 1:17-cv-11579-NLH-MJS<br>**OPINION & ORDER** |

**APPEARANCES**

Robert Craig Thurston, Esq.
Thurston Law Offices LLC
433 River Road
Suite 1315
Highland Park, NJ 08904-1940

    *Attorney for Plaintiff*

Amelia Mauriello Lolli, Esq.
Michael S. Mikulski, II, Esq.
Connor Weber & Oberlies
304 Harper Drive
Suite 201
Moorestown, NJ 08057

    *Attorneys for Defendant Black Horse Pike Regional School
    District Board of Education*

Aimee Rousseau, Esq.
Beth N. Shore, Esq.
Donna S. Arons, Esq.
State of New Jersey
Office of the Attorney General
25 Market Street
POX Box 112
Trenton, NJ 08625

Joan M. Scatton, Esq.
Office of NJ Attorney General
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112

Laurie Lee Fichera, Esq.
State of New Jersey, Division of Law
Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112

*Attorneys for Defendants New Jersey Department of Education, New Jersey Office of Administrative Law, and Dominic Rota*

Victoria Simoes Beck, Esq.
William Clawges Morlok, Esq.
Park McCay P.A.
9000 Midlantic Drive
Suite 300
Mount Laurel, NJ 08054

*Attorneys for Defendant Gloucester City Board of Education*

**HILLMAN, District Judge**

WHEREAS, the within action involves claims against the State of New Jersey and two school districts located therein for alleged violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. (the "IDEA"), § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., and

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (the "ADA")(ECF No. 133); and

WHEREAS, Plaintiff has filed Motions for Partial Summary Judgment against Defendants New Jersey Department of Education (NJDOE), New Jersey Office of Administrative Law (NJOAL), and Dominic Rota (collectively, State Defendants) (ECF No. 177), as well as against Defendant Black Horse Pike Regional School District Board of Education (BHPRSD) (ECF No. 192); and

WHEREAS, State Defendants' Opposition to the instant summary judgment motion repeatedly cites their inability to adequately respond due to the lack of discovery on the issues presented (ECF No. 198 at 10-11, 18, 21-24, 27, 42, 46-47); and

WHEREAS, State Defendants have provided this Court with a Declaration Pursuant to Fed. R. Civ. P. 56(d), in which counsel for said Defendants particularizes the need for discovery in order to adequately respond to Plaintiff's motion for summary judgment (ECF No. 198-3); and

WHEREAS, Defendant BHPRSD opposes partial summary judgment, arguing in part that this Court lacks jurisdiction over Plaintiff's claims against it because Plaintiff never exhausted its administrative remedies (ECF No. 209 at 5, 9-12, 16-17); and

WHEREAS, Defendant BHPRSD has also filed a Cross Motion to Dismiss Counts IX and X of Plaintiff's Third Amended Complaint on the basis of a failure to exhaust administrative remedies

3

(ECF No. 211 at 5, 9-12, 16-17); and

WHEREAS, but for the title pages, Defendant BHPRSD's summary judgment opposition brief and brief in support of cross motion to dismiss are verbatim (ECF Nos. 209, 211);[1] and

WHEREAS, Defendant BHPRSD fully briefed and pursued this exact issue on September 7, 2021 in its Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 122); and

WHEREAS, on March 31, 2022, this Court flatly rejected Defendant BHPRSD's exhaustion argument on the basis of futility (ECF No. 131); and

WHEREAS, the text of Defendant BHPRSD's summary judgment opposition brief and brief in support of cross motion to dismiss mirrors the text contained in its Brief in Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 122); and

WHEREAS, in some situations, a brief submitted to the court that clearly manifests a "copy-and-paste job" may "reflect a dereliction of duty, not an honest mistake." Conboy v. United States SBA, 992 F.3d 153, 158 (3d Cir. 2021); and

---

[1] Defendant BHPRSD's Cross Motion to Dismiss contains the same Response to Statement of Undisputed Material Facts and Additional Statement of Facts as that provided in its summary judgment Response. These items pertain to Fed.R.Civ.P. 56 and are misplaced for purposes of litigating a motion to dismiss.

WHEREAS, Plaintiff discussed this Court's ruling in its Reply to Defendant's Opposition to Motion for Partial Summary Judgment (ECF No. 210 at 4-5), as well as in its Response to Defendant BHPRSD's Cross Motion to Dismiss (ECF No. 212 at 4-6); and

WHEREAS, Plaintiff's Reply to Defendant's Opposition to Motion for Partial Summary Judgment was filed of record before Defendant BHPRSD elected to file its Cross Motion to Dismiss (ECF No. 210); and

WHEREAS, Defendant BHPRSD has omitted any reference to this Court's prior ruling in its current briefing; and

WHEREAS, in the context of appellate briefing, the Third Circuit has opined that the filing attorney "is to blame for recycling meritless arguments without engaging the District Court's analysis." Conboy, 992 F.3d at 158; and

WHEREAS, attempting to relitigate issues that have already been decided by the court could constitute a violation of counsel's ". . . duty of candor to the Court.  This duty includes not only bringing relevant facts and cases to the Court's attention, but also avoiding the filing of frivolous litigation. See N.J. R.P.C. 3.3 (setting forth requirement that counsel disclose material facts and relevant legal authority to the court) and N.J. R.P.C. 3.1 (prohibiting counsel from bringing frivolous claims)." Koch v. Pechota, 744 F. App'x 105,

5

113 n.8 (3d Cir. 2018); and

WHEREAS, "[c]ourts have uniformly sanctioned litigants who attempt to relitigate issues already decided against[them][.]" Dunleavy v. Gannon, 2:11-cv-0361, 2012 U.S. Dist. LEXIS 9679, at *18 (D.N.J. Jan. 26, 2012); see also Marchisotto v. Daley, Civil Action No. 22-1276, 2022 U.S. Dist. LEXIS 91080, at *17-18 (D.N.J. May 20, 2022) (same); and

WHEREAS, "[Federal Rule of Civil Procedure 11] is intended to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Napier v. Thirty or More Unidentified Federal Agents, etc., 855 F.2d 1080, 1090-1091 (3d Cir. 1988) (internal quotations and citations omitted); and

WHEREAS, Plaintiff has not raised any Rule 11 concerns pertaining to this issue; and,

WHEREAS, when a court "declines to begin the sanction process sua sponte[,]" it may place a party "on notice that the Court will entertain sanctions should [that party] submit another pleading with claims clearly unwarranted by fact or law." Eaton v. Tosti, Civ. No. 09-5248, 2010 U.S. Dist. LEXIS 55009, at *31 (D.N.J. June 4, 2010); and

WHEREAS Defendant BHPRSD also opposes Plaintiff's Partial Motion for Summary Judgment on the basis that it is premature,

6

as no depositions have been taken and discovery remains ongoing (ECF No. 209 at 16-17); and

WHEREAS, Defendant BHPRSD further cites its inability to adequately respond to Plaintiff's Statement of Facts due to the lack of discovery on the issues presented (ECF No. 209 at 16-17; ECF No. 211 at 5-6, 16-17); and

WHEREAS, Rule 56(d) of the Federal Rules of Civil Procedure provides that upon a showing by a party that, for specified reasons, he cannot "present facts essential to justify its opposition" to a motion for summary judgment, the court may defer consideration of or deny the motion, allow time for the party to take discovery, or issue any other appropriate Order. Fed. R. Civ. P. 56(d); and

WHEREAS, ". . . the 2010 Amendments to the Federal Rules of Civil Procedure allow for alternatives to a formal affidavit such as 'a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury.' Fed. R. Civ. P. 56, advisory committee's note (2010)." Shelton v. Bledsoe, 775 F.3d 554, 567 (3d Cir. 2015); and

WHEREAS, 28 U.S.C. § 1746 provides in pertinent part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the

7

>> person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> 
> \* \* \* \*
> 
> If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

28 U.S.C. § 1746(2); see also N.J. L. Civ. R. 7.2(a) ("Affidavits, declarations, certifications and other documents of the type referenced in 28 U.S.C. § 1746 shall be restricted to statements of fact within the personal knowledge of the signatory."); and

   WHEREAS, despite its reliance upon a "lack of discovery" in Defendant BHPRSD's Response to Plaintiff's Motion for Partial Summary Judgment and its Cross Motion to Dismiss, neither filing contains an Affidavit, Declaration, Certification, Verification, or any other statement "subscribed in proper form as true under penalty of perjury" in accordance with Fed. R. Civ. P. 56(d) or 28 U.S.C. § 1746(2); and

   WHEREAS, "[u]nder the IDEA, a district court is required to 'hear additional evidence at the request of a party[.]'" Moynihan v. W. Chester Area Sch. Dist., No. 21-2530, 2022 U.S. App. LEXIS 5757, at *5 (3d Cir. March 4, 2022) (citing 20 U.S.C.

8

§ 1415(i)(2)(C)(ii)); see also L.G. ex rel. E.G. v. Fair Lawn Bd. of Educ., 486 F. App'x 967, 975 (3d Cir. 2012) ("[W]hile a district court may appropriately exclude some evidence, 'a court must exercise particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved.'" (quoting Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 760 (3d Cir. 1995))); M.D. v. Vineland City Bd. of Educ., No. 1:19-cv-12154, 2024 WL 195371, at *7-8 (D.N.J. Jan. 17, 2024) (synthesizing Federal Rule of Civil Procedure 56(d) and 20 U.S.C. § 1415(i)(2)(C)(ii) and providing defendants, who had provided a Rule 56(d) declaration, fourteen days to propose necessary discovery and a related schedule); and

WHEREAS, denial of a motion for summary judgment without prejudice to Plaintiff's right to re-file once discovery is complete is appropriate and warranted under these circumstances. See Lee v. Sunrise Sr. Living, Inc., 455 F. App'x 199, 202 (3d Cir. 2011) (affirming district court's denial of motion for summary judgment because discovery had not yet been completed); Miller v. Beneficial Management Corp., 977 F.2d 834, 846 (3d Cir. 1992) (reversing grant of summary judgment as premature where several depositions remained to be taken); Costlow v. United States, 552 F.2d 560, 564 (3d Cir. 1977) (holding that a continuance of a motion for summary judgment for purposes of

9

discovery should be granted almost as a matter of course); Otero v. County of Monmouth, No. 06-3435, 2007 U.S. Dist. LEXIS 61504, at *3-4 (D.N.J. Aug. 16, 2007) (denying summary judgment without prejudice because discovery was not yet complete).

THEREFORE, it is on this 29th day of February 2024,

**ORDERED** that Plaintiff's Motions for Partial Summary Judgment Against Defendants New Jersey Department of Education, New Jersey Office of Administrative Law, and Dominic Rota (ECF No. 177) and Defendant BHPRSD (ECF No. 192) be, and the same hereby are, DENIED without prejudice, pending United States Magistrate Judge Matthew J. Skahill's determination of the scope and completion of outstanding or additional discovery; it is further

**ORDERED** that Defendant BHPRSD's Cross Motion to Dismiss (ECF No. 211) be, and the same hereby is, DENIED; and it is further

**ORDERED** that counsel for Defendant BHPRSD is hereby put on NOTICE that the filing of any further frivolous motions or engagement in a lack of candor to the tribunal, could result in sanction proceedings.

At Camden, New Jersey

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.